IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,257-01 & WR-68,257-02






EX PARTE RUBEN PINEDA, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. B-24,279-A & B-24,280-A 

IN THE 161ST JUDICIAL DISTRICT COURT

FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges
of aggravated robbery and was sentenced to thirty years' imprisonment. He did not appeal his 
convictions.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to interview and subpoena alibi witnesses. On September 26, 2007, this Court remanded
to the trial court to obtain affidavits and findings addressing Applicant's claim. This Court's remand
order included instructions to the effect that if the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 At the request of Applicant's trial counsel, the trial court held a habeas hearing in this matter,
apparently without making the above-described determination. At the hearing, the prosecutor
presented evidence and Applicant's trial counsel testified on his own behalf. There is no indication
that Applicant was present at the hearing, or that he had the opportunity to present evidence or
examine witnesses. At the conclusion of the hearing, Applicant's trial counsel requested and the trial
court granted a payment order, to reimburse trial counsel for time spent investigating and preparing
for this habeas proceeding. After the hearing, the trial court entered findings of fact and conclusions
of law, finding that Applicant's trial counsel provided effective assistance and that Applicant's plea
was knowingly and voluntarily entered.

 Because the hearing conducted by the trial court in this matter did not comply with this
Court's remand order, this matter is again remanded to the trial court for an evidentiary hearing. The
trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel was aware of the
existence of the alleged alibi witnesses at the time of trial, and if so whether he made any attempt
to interview or contact those witnesses. If counsel was aware that there were witnesses willing to
provide Applicant with alibis for both of these charges, the trial court shall make findings of fact as
to why counsel advised Applicant to plead guilty to these offenses. The trial court shall make
findings of fact as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 11, 2009

Do not publish